IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANASTACIO GRANILLO,

    Plaintiff,

v.                                                 No. 21-cv-0777 JCH/SMV

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

Before the Court is Defendant's Sealed Motion for Protective Order and Stay of Discovery Pending Investigation and Protective Order Restricting Release of a Video (the "Motion"). [Doc. 20] The Court held oral argument on the Motion on March 7, 2022.

For the reasons stated on the record, the Court will grant the Motion in part and deny the Motion in part.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's Motion [Doc. 20] is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant's request to stay the start of discovery is GRANTED in part and DENIED in part. Defendant's request for a stay of discovery and release of the video of the incident allegedly giving rise to Plaintiff's claims (the "Video") for six months is DENIED. The Court GRANTS Defendant's request to stay the start of discovery and release of the Video such that Defendant may delay production of the Video to Plaintiff's counsel until **5 p.m. MDT on May 6, 2022**. The Court will hold a Rule 16 scheduling conference and set deadlines for discovery after May 6, 2022.

**IT IS FURTHER ORDERED** that Defendant's request for a protective order restricting release of the Video will be DENIED or GRANTED depending on the status of the criminal investigation into the subject incident (the "Investigation") on May 6, 2022. If, as of May 6, 2022, the Investigation

1. is complete and no charges will be filed, the request will be denied, and Defendant shall release the Video to Plaintiff without a protective order;

2. is complete and an officer has been indicted, the request will be granted, and Defendant shall release the Video to Plaintiff subject to a confidentiality order prohibiting disclosure of the Video to anyone other than Plaintiff, Plaintiff's counsel and counsel's staff, and experts retained by Plaintiff's counsel; or

3. is not complete, the request will be granted, and Defendant shall release the Video to Plaintiff subject to a confidentiality order as stated in paragraph (2), above.

**IT IS FURTHER ORDERED** that, when the Video is produced to Plaintiff, it must not be altered, pixelated, or manipulated in any way.

**IT IS FURTHER ORDERED** that, if the parties agree on a confidentiality order that is consistent with this Order, Defendant must submit the proposed order to the Court's proposed text box at vidmarproposedtext@nmd.uscourts.gov by **March 31, 2022**. If the parties cannot agree on a proposed confidentiality order, Defendant is directed to prepare a confidentiality order using the model found in § 40-27 of the MANUAL FOR COMPLEX LITIGATION (FOURTH) (2015) and submit it to vidmarproposedtext@nmd.uscourts.gov by **March 31, 2022**.

**IT IS FURTHER ORDERED** that, if the Investigation is complete before May 6, 2022, either party may move the Court to set a Rule 16 scheduling conference forthwith.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**