IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANASTACIO GRANILLO,

      Plaintiff,

v.                                                                 Civ. No. 21-777 JCH/SMV

UNITED STATES OF AMERICA,

      Defendant.

## CONFIDENTIALITY ORDER

Pursuant to the Court's March 8, 2022, Order (Doc. 31) regarding Defendant's Sealed Motion for Protective Order and Stay of Discovery Pending Investigation and Protective Order Restricting Release of a Video (Doc. 21), the parties have agreed on a confidentiality order restricting the release of a video as described below.

Accordingly, it is hereby ORDERED that the following provisions shall govern the production of a video in these proceedings:

1.      This Confidentiality Order governs the release of a video ("Video") of the interaction between Plaintiff and Customs and Border Protection ("CBP") officers at the Columbus Port of Entry in New Mexico on June 18, 2019, which is the incident underlying this litigation ("subject incident");

2.      The Video is part of a criminal investigation by the United States. As of the date of this order, the criminal investigation has not been completed;

3.      Notwithstanding the ongoing investigation, Defendant is ordered to release a copy of the Video on or after May 6, 2022 (without alteration, pixelation, or other manipulation), as set forth in this Order without obtaining the prior written consent of the individuals to whom such Video pertains;

4. In light of the ongoing investigation, the Video will be released to Plaintiff subject to the restrictions stated herein;

5. The Video may be used <u>only</u> for the purposes of litigating this civil action and any appeals thereof. Except as provided in Paragraph 6, no person who obtains access to the Video pursuant to this Confidentiality Order shall disclose it without either the prior, express, written consent of the producing party or its counsel, or further order of the Court;

6. Disclosure of the Video is limited to: (a) Plaintiff; (b) Plaintiff's counsel of record; (c) Plaintiff's counsel's staff, but only to the extent necessary to perform their duties; and (d) experts retained by Plaintiff's counsel, but only to the extent necessary to provide their opinion or testimony;

7. Review of the Video by Plaintiff, counsel, counsel's staff, and/or experts, as described in paragraph 6, shall not waive the confidentiality of the Video;

8. The inadvertent, unintentional, or in camera disclosure of the Video shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality;

9. Before Plaintiff's counsel discloses the Video to any person listed in Paragraph 6, that person must be provided with a copy of this Order, and must sign an Acknowledgment and Consent of receipt of the Video and consent to the terms of this Order. *See Exhibit "A."* Plaintiff's counsel shall retain copies of the signed Acknowledgment and Consent forms in their litigation files and shall make them available to Defendant's counsel upon request;

10. If the Video is disclosed to any person not listed in Paragraph 6, upon learning of such disclosure, Plaintiff's counsel must promptly (a) inform Defendant of

the disclosure, including the surrounding facts and circumstances; and (b) request the return or destruction of the Video and seek to minimize any further unauthorized disclosure;

11. Any person to whom Plaintiff's counsel discloses the Video shall return to Plaintiff's counsel (or destroy, and certify such destruction in writing to Plaintiff's counsel) the Video and any copies thereof upon termination of this civil action and any appeals thereof, or when they are no longer assigned or retained to work on this case, whichever comes first, unless the Court orders otherwise. Plaintiff's counsel will certify to Defendant's counsel that such copies of the Video have been returned or destroyed;

12. If the Video is attached as an exhibit or otherwise to any pleading, motion, or other paper, and is filed with the Court, such copy of the Video shall be filed under seal. Those portions of any depositions in which the Video is revealed shall remain subject to this Order and, if filed with the Court, shall be either redacted or made under seal. Except at trial, prior to using the Video in open court, counsel for the parties shall confer to discuss procedures necessary to prevent the disclosure of the Video;

13. Nothing in this Order shall be construed to limit the right of either party to introduce the Video into evidence at trial, subject to the Federal Rules of Civil Procedure, Federal Rules of Evidence, and privacy protections the Court deems appropriate. Each party reserves the right to approach the Court before trial to propose a plan for the use of the Video, and each party reserves the right to oppose such a plan;

14. This Order shall continue to be binding after the final termination of this litigation, unless the Court orders otherwise;

15. This Order does not constitute a ruling on the question whether any particular record is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any record;

16. Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

IT IS SO ORDERED on this 6th day of May, 2022.

_____
STEPHAN M. VIDMAR
United States Magistrate Judge

SUBMITTED AND APPROVED BY:

*/s/ Cassandra Casaus Currie 5/5/22*
CASSANDRA CASAUS CURRIE
Assistant United States Attorney
*Attorney for Defendant*


*/s/ Rebecca Fae Sherman Sheff 5/5/22*
MARIA MARTINEZ SANCHEZ
REBECCA FAE SHERMAN SHEFF
ZOILA ALVAREZ HERNANDEZ
ACLU of New Mexico
*Attorneys for Plaintiffs*